ELLEN F. ROSENBLUM
Attorney General
JESSICA SPOONER  #105919
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jessica.Spooner@doj.state.or.us

Attorneys for Defendants Oregon Board of Optometry, Oregon Department of Justice, Cardenal,
Lindley, Louie, Lynch, Sneed, Tronnes, Walker, and Webber

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID BIGGAR, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>OREGON BOARD OF OPTOMETRY, an Oregon State Agency; OREGON DEPARTMENT OF JUSTICE, an Oregon State Agency; LORI LINDLEY, an individual; SHELLY SNEED, an individual; JESSICA LYNCH, an individual; CATHERINE C. WEBBER, an individual; MOLLY S. CARDENAL, an individual; STEPHEN TRONNES, an individual; DEREK LOUIE, an individual; DOUGLAS J. WALKER, an individual; INGRID GANDAR, an individual; KIM CLARK, an individual,<br><br>       Defendants. | Case No. _____<br><br>STATE DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C) |

Page 1 -   STATE DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)
JS/ts6/8249881-v1

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:**

Defendants Oregon Board of Optometry, Oregon Department of Justice, Lori Lindley, Shelley Sneed, Jessica Lynch, Catherine C. Webber, Molly S. Cardenal, Stephen Tronnes, Derek Louie, and Douglas J. Walker (hereinafter and collectively referred to as "State Defendants"), an Agency of the State of Oregon, respectfully petition for removal of this action to the United States District Court for the District of Oregon.  In support of its petition, State Defendants allege as follows:

1.    On or about March 31, 2017, David Biggar ("Plaintiff") commenced an action against State Defendants, Ingrid Gander, and Kim Clark in the Circuit Court of the State of Oregon for the County of Multnomah entitled Biggar v. Oregon Board of Optometry, et al., Multnomah Co. Circuit Court Case No. 17CV13528.  Service on the Oregon Board of Optometry, the Oregon Department of Justice, Shelley Sneed, Catherine C. Webber (via substitute service), Lori Lindley (via substitute service) was made on April 7, 2017; service on Derek Louie was made on April 10, 2017; service on Jessica Lynch and Molly S. Cardenal was made on April 11, 2017; service on Douglas J. Walker was made on April 13, 2017; and service was mailed to Stephen Tronnes on April 14, 2017. Service on the non-State Defendants, Ingrid Gander and Kim Clark, appears to have occurred on April 7, 2017 and on April 20, 2017, respectively. An amended complaint was recently filed on May 1, 2017. A copy of the complaint is attached to this petition as ***Exhibit A***, a copy of the summonses to the various State Defendants are attached as ***Exhibit B***, and a copy of the amended complaint is attached as ***Exhibit C.***

2.    This case is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1331 (because it states claims under 42 U.S.C. § 12132 and 42 U.S.C. § 1983 and is one that can be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441), 28 U.S.C. § 1443 (because plaintiff has alleged claims under the laws of the United States), and 28 U.S.C. § 1367 (because the plaintiff's state law claims are so related to claims in

Page 2 -    STATE DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C)

JS/ts6/8249881-v1

the action within the Court's original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution).

3.      Defendant Ingrid Gander, by and through her attorney Mitra Shahri, consents to the removal of this case to federal court. Declaration of Jessica Spooner in support of State Defendants' Notice of Removal of Action under 28 U.S.C. § 1441(C) at ¶ 3. I have not yet been able to communicate with Defendant Kim Clark's attorney and thus do not know if he consents to removal at this time. *Id.* at ¶ 4.

4.      State Defendants have not filed a responsive pleading in the state court action. At the time of the filing of this Notice of Removal, no defendants have filed responsive pleadings. A copy of the eCourt report of this case is attached as ***Exhibit D***.

5.      Thirty days have not passed since the receipt by State Defendants of this pleading. Accordingly, this petition is timely because under 28 U.S.C. § 1446(b).

6.      This notice is signed pursuant to Federal Rule of Civil Procedure 11.

WHEREFORE, State Defendants respectfully request that this action now pending against it in the Circuit Court in the State of Oregon for the County of Multnomah be removed from that court to the United States District Court for the District of Oregon.

DATED May _8_, 2017.                     Respectfully submitted,

                                         ELLEN F. ROSENBLUM
                                         Attorney General


                                         ___*s/ Jessica Spooner*_____
                                         JESSICA SPOONER #105919
                                         Assistant Attorney General
                                         Trial Attorney
                                         Tel (503) 947-4700
                                         Fax (503) 947-4791
                                         Jessica.Spooner@doj.state.or.us
                                         Of Attorneys for Defendants Oregon Board of
                                             Optometry, Oregon Department of Justice,
                                             Lindley, Sneed, Lynch, Webber, Cardenal,
                                             Tronnes, Louie, and Walker

Page 3 -    STATE DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §
            1441(C)
            JS/ts6/8249881-v1

3/31/2017 10:39:34 AM
17CV13528

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

DAVID BIGGAR, an individual,

     Plaintiff,

v.

OREGON BOARD OF OPTOMETRY, an
Oregon State Agency, OREGON
DEPARTMENT OF JUSTICE, an Oregon
State Agency, LORI LINDLEY, an
individual, SHELLEY SNEED, an
individual, JESSICA LYNCH, an individual,
CATHERINE C. WEBBER, an individual,
MOLLY S. CARDENAL, an individual,
STEPHEN TRONNES, an individual,
DEREK LOUIE, an individual, DOUGLAS
J. WALKER, an individual, INGRID
GANDAR, an individual, KIM CLARK, an
individual,

     Defendants.

Case No.:

**COMPLAINT**

Violations of Due Process,
Disability Discrimination, Breach
of Duty of Confidentiality and
Notice of Prior Disclosure,
Violation of Public Hearing Notice
Requirements, Breach of Contract,
Breach of Implied Covenant of
Good Faith and Fair Dealing,
Defamation, Intentional Infliction
of Emotional Distress.

**CLAIMS NOT SUBJECT TO
MANDATORY ARBITRATION**

**JURY TRIAL DEMANDED**

CLAIM FOR $3,949,000.00 (ORS
21.160(1)(b)

Plaintiff David Biggar ("Plaintiff") alleges as follows:

**THE PARTIES**

1.

Plaintiff is an individual residing in Multnomah County, Oregon.

PAGE 1 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

2.

The Oregon Board of Optometry ("OBO") was and is an Oregon State Agency existing under the laws of the State of Oregon and at all material times had administrative, rulemaking, licensing, and regulatory powers over optometrists in the State of Oregon. *See* ORS 683.250, 683.270, 182.454, and 182.456.

3.

Defendant Shelley Sneed ("Sneed"), at all material times, has been the chair of the OBO. Defendant Jessica Lynch ("Lynch"), at all material times, has been a board member of the OBO. Defendant Catherine C. Webber ("Webber"), at all material times, has been a board member of the OBO. Defendant Molly S. Cardenal, OD ("Cardenal"), at all material times, has been a board member of the OBO. Defendant Stephen Tronnes, OD ("Tronnes"), at all material times, has been a board member of the OBO. Defendant Derek Louie, OD ("Louie"), at all material times, has been a board member of the OBO. Defendant Douglas J. Walker, OD ("Walker"), at all material times, has been a board member of the OBO.

4.

The Oregon Department of Justice ("DOJ") was and is an Oregon State Agency existing under the laws of the State of Oregon and defendant Lori Lindley ("Lindley") at all material times, was an attorney with the DOJ advising and counseling the OBO within that capacity.

5.

Defendant Ingrid Gandar ("Gandar"), upon information and belief, is an individual living in Washington County.

6.

Defendant Kim Clark, OD ("Clark") is an individual living in the state of Utah.

## FACTUAL ALLEGATIONS COMMON TO MULTIPLE CLAIMS

## FACTS

7.

Plaintiff graduated from Pacific University College of Optometry in 2006 with a Doctor of Optometry.

PAGE 2 - COMPLAINT

8.

Plaintiff began to practice right away, and after 6 years he founded and opened Eyes of Oregon LLC in 2012, which included 2 existing offices that were simultaneously acquired from retiring or deceased doctors, one in Lake Oswego and one in Tillamook.

9.

Plaintiff remodeled both offices and opened them simultaneously in 2012. Since that date, he has employed approximately 13 people and served over 8,000 patients.

10.

On March 31, 2016, OBO sent Plaintiff two (2) letters.

11.

The first letter ("Letter A") stated that the OBO had received several complaints about Plaintiff's fitness to care for patients under ORS 676.303(1), as Plaintiff had been accused of "inability to practice" and "making threats of harm to yourself and others". According to the letter, the OBO opened an investigation into Plaintiff's fitness to practice and that Plaintiff had 48 hours to sign the enclosed "Interim Agency Order" whereby he agreed to stop practicing optometry until his mental health could be assessed, he was on a treatment plan written by a professional, and showed a willingness to follow the prescribed treatment plan. If he refused to sign the Interim Order, the Board would "take action and do an emergency suspension of your Oregon optometry license." The attached Interim Agency Order referred to case numbers 16-03-03; 16-03-04; 16-06-05. Letter A was signed by Sneed. No hearing notice was included.

12.

The second letter ("Letter B" and, together with Letter A, the "Letters") referred to an OBO investigation case number 16-03-03, and stated that on March 30, 2016, the OBO met and "reviewed information gathered in the investigation of this case". The OBO then asked for additional information to make an assessment within 21 days from the date of the letter. There is no mention of an emergency suspension.

13.

Plaintiff never received notice of the March 30, 2016 hearing, or notice of any investigation opened against him until March 31, 2016.

PAGE 3 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

14.

Immediately upon receipt of the Letters, on March 31, 2016, Plaintiff called Sneed to ask how he could best comply with the OBO's requirements so that his license would not be suspended and he could keep the practice open. Sneed tells him to complete a psychiatric evaluation with one of the OBO's preferred healthcare providers. Plaintiff makes an appointment with Dr. Les Goldmann for the next day, April 1, 2016.

15.

On April 1, 2016, Plaintiff met with Dr. Goldmann in a three (3) hour session. Prior to this appointment, the OBO sent Dr. Goldmann the details of the prejudicial allegations against Plaintiff including unsubstantiated statements of mental impairment.

16.

Dr. Goldmann's report states that "Dr. Biggar did not present any symptoms during the interview suggestive of imminent danger to patients or employees." Dr. Goldmann goes on to state that Plaintiff should not practice optometry based, in part, "upon the seriousness of the complaints…"

17.

On April 5, the OBO sent an Order of Emergency Suspension to Plaintiff ("Emergency Order"). The Emergency Order signed April 5, 2016 by Sneed lays out in great detail the unsubstantiated and inflammatory complaints made against Plaintiff.

18.

The complaints laid out in the Emergency Order include sensitive and protected health information, patently false claims, defamatory statements, and egregious violations of privacy.

19.

Upon information and belief, one of the complainants was Gandar, a former employee of Plaintiff who left after multiple warnings regarding poor patient care, gossiping about co-workers, and failure to complete assigned tasks.

20.

Upon information and belief, another complainant was Clark, an OD who was shadowing Plaintiff in the hopes of purchasing his practice, but who eventually backed out of the signed contract due to his inability to run a practice.

PAGE 4 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

21.

The OBO chose to disclose and publish to the public the false and unverified allegations made, in part, by two individuals with a grudge against Plaintiff, without any investigation or hearing.

22.

On that same day, April 5, 2016, Plaintiff responds to Sneed and the OBO in an email and asks for an in-person meeting in Salem at the OBO headquarters.

23.

Sneed and the OBO do not respond to this request for a hearing.

24.

On April 13, 2016, Plaintiff again, both on the phone and in email, asks for a hearing and also asks whether any accommodation can be made so he can continue to practice, such as having another person in the room with him while he sees patients.

25.

Sneed responds to Plaintiff's request for a hearing on April 13, 2016, and copies Lindley on the email chain to formally request a hearing.

26.

Plaintiff's request for accommodation is ignored.

27.

On April 14, 2016, Sneed tells Plaintiff that a hearing has been set for May 6, 2016.

28.

On April 15, 2106, the OBO amends the Emergency Order ("Amended EO") to ask Plaintiff to pay for the hearing and all costs associated with his own discipline. The Amended EO is then placed online for public consumption with no edits, and includes all the unverified allegations and Plaintiff's sensitive health information.

29.

On April 20 and 22, counsel for Plaintiff sends letters to Sneed, Lindley, and the OBO asking for redactions of the Amended EO based on the sensitive and harmful information included in the body of the Amended EO. The OBO refuses.

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

30.

On April 28, 2016, counsel for Plaintiff emails Lindley and Sneed and asks for accommodation for Plaintiff to continue to keep his office open. The request is again ignored.

31.

On May 5, 2016, operating under extreme duress and based on promises made by the OBO, Plaintiff signs a Consent Order for case numbers 16-03-03, 16-03-04, and 16-03-05.

32.

The Consent Order states that "The Emergency Order is withdrawn and this Consent Order replaces all previous Board orders, including the Emergency Order." And that "This Consent Order is a full, final and complete settlement of all matters relating to the complaints referenced above."

33.

On May 24, 2016 counsel for Plaintiff sends Lindley an email stating that the OBO still has not taken down the Amended EO from the website and replaced it with the Consent Order.

34.

Lindley explains to Plaintiff's counsel that staff for the OBO will not remove the Amended EO as directed under the Consent Order and Plaintiff must wait until the September 9, 2016 board meeting to have the OBO direct their staff to take down the information.

35.

Plaintiff fully complies with the Consent Order and on June 20, 2016, Plaintiff's license to practice is reinstated.

36.

On September 9, 2016, Plaintiff and his counsel attend the OBO meeting and is told by Sneed that the OBO will take down the Amended EO from the website and replace it with the Consent Order.

37.

As of the date of this complaint, the Amended EO is still up on the website and the Consent Order is not.

38.

The Consent Order stated that it was dispositive of all matters relating to case no 16-03-03. Yet the OBO continued to persecute Plaintiff on this case.

PAGE 6 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

39.

During the September 9th board meeting, the OBO continued to discuss case no 16-03-03 and issued notice that Plaintiff was to complete, at his expense, 18 hours of additional training.

40.

On September 20, 2016, the OBO sent another letter to Plaintiff entitled "Enforcement Case #16-03-03" which included a proposed imposition of discipline.

41.

Thus, despite Plaintiff's full and complete cooperation with the Consent Order, the OBO, Sneed, and Lindley continued to violate the terms of the Consent Order causing Plaintiff to incur additional stress, expense, and humiliation.

42.

Moreover, Plaintiff agreed to waive his constitutional rights to a hearing on all three (3) case numbers by signing the Consent Order on the conditions that the OBO was supposed to meet; withdrawal of the Amended EO and settlement of all 3 cases. The OBO has continuously refused to meet those conditions and thus, has violated Plaintiff's constitutional rights to due process.

43.

As is noted in Dr. Goldmann's report, Plaintiff has the self-awareness and emotional control to know when he needs help and he has sought the help when it has been needed. Plaintiff has never threated any employees or any patients and the allegation that Plaintiff was going to hurt himself was based on a simple macabre observation said to a friend in confidence.

44.

The OBO, Sneed, and Lindley chose to make Plaintiff's medical history public information, chose to ignore witnesses statements as to the veracity of the complaints made against Plaintiff, and instead instigated a witch-hunt against a person with verifiable and well controlled mental disorder.

45.

The OBO, Sneed, and Lindley outright ignored repeated requests for accommodation based on Plaintiff's mental disability, and instead chose to punish him for seeking treatment when he needed it and asking for help in coping in light of the allegations against him.

PAGE 7 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

46.

Plaintiff's life and business have been decimated by the actions and inactions of the OBO, Sneed, Lindley, (Ingrid and Kim).

47.

Since the Amended EO went public online, Plaintiff has suffered incredible economic losses to his business including:

- Loss of 50% of his patients due to the Amended EO being #1 on any Google search of Plaintiff's name;
- Loss of income due to loss of patient base;
- Loss of potential sale of business due to loss of patient base and non-marketable practice;
- Inability to bill insurance as Plaintiff has been banned from several insurance agencies based on the Amended EO, even though his license to practice has been reinstated and he has been in good standing ever since. This results in an even greater loss of patients.

48.

Plaintiff is a loving and highly involved parent, having stayed at home with his kids for several years, and has been a volunteer parent in many capacities at his childrens' schools and activities. Since the Amended EO was published, Plaintiff has been asked to no longer coach his daughter's soccer team, and told he was not allowed to volunteer at his daughter's school.

49.

Plaintiff's ex-wife also used the Amended EO to alter the custody arrangement from Plaintiff having joint custody of his children to no custody and only visitation rights; a move which devastated Plaintiff to no end after having spent years as a stay-at-home dad.

50.

On September 25, 2016, plaintiff served written notice on defendants of plaintiff's claims as alleged herein as is required under ORS 30.275.

51.

Plaintiff hereby reserves the right to amend this complaint pursuant to ORS 31.725.

PAGE 8 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

**FIRST CLAIM FOR RELIEF**

**(Violations of Due Process – 42 U.S.C. §1983)**

**(Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)**

52.

Plaintiff incorporates and realleges paragraphs 1 through 51 by reference as though set forth fully herein.

53.

42 USC §1983 states that every person who, under color of any statute or regulation, subjects or causes to be subject any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the injured party.

54.

OBO is a semi-independent state agency that may sue or be sued in its own name as discussed above, and is subject to 42 USC §1983. The remaining defendants are persons under the meaning of the statute.

55.

Plaintiff is a citizen of the United States who was denied due process by the Defendants, a right that is guaranteed by the Constitution. Plaintiff was denied this right by the failure of notice by the board of any hearing rights, failure to allow for a hearing when first requested by Plaintiff, and the failure to fully investigate the complaints against Plaintiff before suspending his license in violation of ORS 192.620, 192.630, 192.640, and 683.155 as described more fully in paragraphs 72 to 73.

56.

As a direct and proximate cause of the defendants' actions, Plaintiff has suffered and continues to suffer economic damages, including loss of earnings, medical bills, consultation bills, and other various amounts paid out-of-pocket to defend himself in these actions, in an amount continuing to accrue to be determined at trial. This amount, at the time of the filing of this complaint, is approximately $399,000 and his economic damages continue to accrue at an annual rate of approximately $260,000.

57.

As a direct and proximate cause of the defendant's intentional actions, Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity,

PAGE 9 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

sleeplessness, humiliation, and loss of enjoyment of life. Plaintiff therefore requests an award of non-economic damages in an amount to be determined at trial but not exceeding $800,000

58.

Plaintiff is entitled to prevailing party fees pursuant to ORS 20.190, and costs and disbursements, pursuant to ORCP 68.

## SECOND CLAIM FOR RELIEF
### (Disability Discrimination – 42 U.S.C. §12132)
### (Against Defendant OBO)

59.

Plaintiff incorporates and realleges paragraphs 1 through 58 by reference as though set forth fully herein.

60.

The statute states that no qualified individual with a disability shall, by reason of such disability, be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

61.

OBO is a semi-independent state agency that may sue or be sued in its own name as discussed above, and falls under the definition of "public entity" under 42 USC §12131.

62.

Plaintiff falls under the definition of a "qualified individual with a disability" under 42 USC §12131 through his diagnosed mental disorder.

63.

OBO discriminated against Plaintiff through its decision to suspend Plaintiff's license and publicly reprimand Plaintiff based on his disability in violation of ORS 683.140 and 676.303 without proper investigation or discussion of any accommodation.

64.

As a direct and proximate cause of the defendants' actions, Plaintiff has suffered and continues to suffer economic damages, including loss of earnings, medical bills, consultation bills, and other various amounts paid out-of-pocket to defend himself in these actions, in an amount continuing to accrue to be determined at trial. This amount, at the time of the filing of

PAGE 10 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

this complaint, is approximately $399,000 and his economic damages continue to accrue at an
annual rate of approximately $260,000.

65.

As a direct and proximate cause of the defendant's intentional actions, Plaintiff has
suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity,
sleeplessness, humiliation, and loss of enjoyment of life. Plaintiff therefore requests an award
of non-economic damages in an amount to be determined at trial but not exceeding $750,000

66.

Plaintiff is entitled to prevailing party fees pursuant to ORS 20.190, and costs and
disbursements, pursuant to ORCP 68.

**THIRD CLAIM FOR RELIEF**

**(Breach of Duty of Confidential Information and Notice of Prior Disclosure – ORS
683.165, 676.180)**

**(Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)**

67.

Plaintiff incorporates and realleges paragraphs 1 through 66 by reference as though set
forth fully herein.

68.

ORS 683.165 states that "[a]ny information that the Oregon Board of Optometry
obtains… is confidential as provided under ORS 676.175." ORS 676.157 states "[a] health
professional regulatory board shall keep confidential and not disclose to the public any
information obtained by the board as part of an investigation of a licensee or applicant,
including complaints concerning licensee…" ORS 676.180 states that "[i]f a health professional
regulatory board intends to disclose a record pursuant to 676.175, the board shall provide the
licensee or applicant seven days' prior written notice by first class mail."

69.

Defendants violated Plaintiff's rights under the laws of the State of Oregon not to have
his confidential and protected health information publicly disseminated. Defendants'
investigation did not necessitate any disclosure of Plaintiff's prior mental health treatment nor
the salacious and false details of the complaints against Plaintiff. Moreover, even if Defendants

PAGE 11 - COMPLAINT

felt it necessary to disclosure Plaintiff's mental health diagnosis, Defendants sent no notice to Plaintiff as required by 676.180.

70.

The Defendants' intentional and willful breach of their duty to Plaintiff under the law is a violation of his rights and has caused him emotional distress, mental pain and anguish, embarrassment, loss of dignity, sleeplessness, humiliation, and loss of enjoyment of life and Plaintiff requests damages in an amount to be determined at trial, but not to exceed $500,000.

**FOURTH CLAIM FOR RELIEF**

**(Violations of Duty of Notice for Public Hearings – ORS 192.610 et seq and 683.155)**

**(Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)**

71.

Plaintiff incorporates and realleges paragraphs 1 through 70 by reference as though set forth fully herein.

72.

ORS 683.155 states that "[w]here the Oregon Board of Optometry proposes… to impose any disciplinary sanction or civil penalty under ORS 683.140, opportunity for a hearing shall be accorded as provided in ORS Chapter 183." ORS 183.415 sets out the various notice requirements including "reasonable notice" of the hearing "served personally or by registered or certified mail." ORS 192.620 states that Oregon requires that the public be informed and aware of the deliberations and decisions of governing bodies. ORS 192.630 states that "[a]ll meetings of the governing body of a public body shall be open to the public…" and that a governing body "may not meet in private for the purpose of deliberating toward a decision on any matter…" Public notice of such meetings where deliberation is occurring is required under 192.640 and shall be reasonably calculated to give actual notice to interested persons.

73.

Defendants' March 30, 2016 meeting was in direct violation of ORS 683.155, 183.415, 192.620, 192.630, and 192.640. This "special meeting" was held without any notice given to Plaintiff, for the sole purpose of deliberating about Plaintiff's EO.

PAGE 12 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit A, Page 12 of 18

74.

The Defendants' intentional and willful breach of their duty to Plaintiff under the law is a violation of his rights and has caused him emotional distress, mental pain and anguish, embarrassment, loss of dignity, sleeplessness, humiliation, and loss of enjoyment of life and Plaintiff requests damages in an amount to be determined at trial, but not to exceed $500,000.

75.

Further, ORS 192.680(1) states that the decisions of the OBO "shall be voidable" where ORS 192.610 to 192.690 are breached. Therefore, Plaintiff requests that the EO, Amended EO, and Consent Order be voided by the court and removed from the website.

### FIFTH CLAIM FOR RELIEF
### (Count I - Breach of Contract)
### (Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)

76.

Plaintiff incorporates and realleges paragraphs 1 through 75 by reference as though set forth fully herein.

77.

The Consent Order required Defendants to withdraw the Amended EO and have the Consent Order replace all previous board orders, and stated that the Consent Order was the "full, final and complete settlement of all matters relating to the complaints referenced above" which included case no 16-03-03.

78.

As of the date of this Complaint, Defendants have failed to abide by the terms of the Consent Order thereby breaching their duties under the terms of the contract.

79.

As a direct, proximate, and foreseeable result of Defendant's breach of this agreement, Plaintiff has suffered economic damages in an amount to be proven at trial, which amount is currently alleged to be $399,000, exclusive of prejudgment interest, costs and attorney's fees.

PAGE 13 - COMPLAINT

80.

The dates on which Defendants became responsible for the amounts described in paragraph __ are easily ascertainable. As such, Plaintiff is entitled to prejudgment interest on those amounts at the statutory rate of 9% per annum.

**(Count II - Breach of Implied Covenant of Good Faith and Fair Dealing)**

**(Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)**

81.

Plaintiff incorporates and realleges paragraphs 1 through 80 by reference as though set forth fully herein.

82.

Every contract contains an implied covenant of good faith and fair dealing.

83.

Defendants engaged in conduct that violated the expectation of good faith and fair dealing when they repeatedly failed to remove the Amended EO from the website and replace it with the Consent Order, and when they continued to prosecute Plaintiff under case no 16-03-03.

84.

As a direct, proximate, and foreseeable result of Defendant's breach of this agreement, Plaintiff has suffered economic damages in an amount to be proven at trial, which amount is currently alleged to be $399,000, exclusive of prejudgment interest, costs and attorney's fees.

85.

The dates on which Defendant became responsible for the amounts described in paragraph __ are easily ascertainable. As such, Plaintiff is entitled to prejudgment interest on those amounts at the statutory rate of 9% per annum.

**SIXTH CLAIM FOR RELIEF**

**(Defamation)**

**(Against All Defendants)**

86.

Plaintiff incorporates and realleges paragraphs 1 through 85 by reference as though set forth fully herein.

PAGE 14 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

87.

Defendants made statements that were verifiably false. Such statements were concerning the Plaintiff.

88.

The statements made by Defendants were published to the public at large.

89.

The statements were made with the purpose and/or effect of subjecting Plaintiff to contempt, ridicule, fear, and mistrust and were intended to, and did, diminish the esteem, respect, goodwill, and confidence in which Plaintiff was held in his community.

90.

Such false statements were made regarding Plaintiff's business and his inability to perform as an OD, and were inflammatory in nature.

91.

As a result of Defendants' false statements, Plaintiff lost clients, the potential sale of his business, and insurance contracts. Such losses were foreseeable as a result of Defendants' false and malicious statements.

92.

Plaintiff's special and/or general damages are presumed.

93.

As a result of Defendants' statements, Plaintiff seeks special and general damages in an amount to be determined at trial, but not to exceed $500,000.

### SEVENTH CLAIM FOR RELIEF

#### (Intentional Infliction of Emotional Distress)

#### (Against All Defendants)

94.

Plaintiff incorporates and realleges paragraphs 1 through 93 by reference as though set forth fully herein.

PAGE 15 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

95.

The Defendants' actions were committed deliberately and intentionally in order to cause Plaintiff severe emotional distress or were undertaken in reckless disregard that Plaintiff would suffer emotional distress.

96.

Defendants knew, or should have known, that Plaintiff would suffer severe emotional distress, mental anguish, fear, humiliation, and public embarrassment and that such distress was substantially certain to result from their conduct.

97.

Defendants intended such a result, and their conduct did, in fact, cause Plaintiff severe emotional distress. Such severe emotional distress is permanent and progressive and as such Plaintiff requests damages in an amount to be determined at trial, but not to exceed $500,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. Economic damages against the defendant in the amount of $399,000.00,
2. Non-economic damages against the defendant in the amount of $3,550,000.00,
3. Attorney fees and costs as allowed by law, as well as prejudgment and post-judgment interest, and
4. Any other relief the Court deems just and equitable.

Dated this 30th day of March, 2017.

Rebecca Cambreleng, OSB No. 133209
Rebecca@cambrelenglaw.com
CAMBRELENG LAW LLC
806 SW Broadway, Suite 1200
Portland, OR 97205
(503) 308-1481

**Attorney for Plaintiff David Biggar**

PAGE 16 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March, 2017, I served the foregoing Complaint on the following individual(s):

Oregon Board of Optometry
Attn: Shelley Sneed and Lori Lindley
1500 Liberty Street SE, Suite 210
Salem, OR 97301
**Defendant OBO**

Stephen Tronnes, OD
2435 NW Kline Street
Roseburg, OR 97471
**Defendant Tronnes**

Katy Coba
DAS Director
Executive Building
155 Cottage Street NE
Salem, OR 97301

Derek Louie, OD
3300 SW Bond Ave, 11th Floor
Portland, OR 97239
**Defendant Louie**

Oregon Department of Justice
Attn: Ellen Rosenblum
1162 Court Street NE
Salem, OR 97301
**Defendant DOJ**

Douglas J. Walker, OD
P.O. Box 4005
Brookings, OR 97415
**Defendant Walker**

Lori Lindley
DOJ Business Activities Sect
1162 Court Street NE
Salem, OR 97301
**Defendant Lindley**

Dr. Jessica Lynch
Vivid Eye Care
6506 NE Campus Way
Hillsboro, OR 97214
**Defendant Lynch**

Ms. Shelley Sneed
1500 Liberty Street SE, Suite 210
Salem, OR 97301
**Defendant Sneed**

Ingrid Gander
14095 SW Walker Rd. #131
Beaverton, OR 97005
**Defendant Gander**

Catherine C. Webber
1500 Liberty Street SE, Suite 210
Salem, OR 97301
**Defendant Webber**

Kim Clark, OD
Standard Optical
966 N. Main St.
Tooele, UT 84074
**Defendant Clark**

Molly S. Cardenal, OD
3710 SW US Veterans Hospital Road
Portland, OR 97207
**Defendant Cardenal**

PAGE 17 - COMPLAINT

by:

☒    Mailing a true copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said individual(s) at their last known address as listed above and deposited in the post office at Portland, Oregon on said day.

☐    Electronically mailing a copy to said individual(s) at their last known electronic address as listed above.

☒    Delivering true copy/copies thereof, certified by me as such, to said individual, in person.

DATED this 30th day of March, 2017.

Rebecca Cambreleng, OSB #133209
**Attorney for Plaintiff**

PAGE 18 - COMPLAINT

4/28/2017 1:51:50 PM
17CV13528

# **RETURN OF SERVICE**

State of OREGON                    County of MULTNOMAH                    CIRCUIT Court

Case Number: 17CV13528

PLAINTIFF:
**DAVID BIGGAR**

vs.

DEFENDANT:
**OREGON BOARD OF OPTOMETRY, et al.**

Received by PREFERRED PROCESS SERVERS to be served on **OREGON DEPARTMENT OF JUSTICE ATTN: ELLEN ROSENBLUM, 1162 COURT STREET NE, SALEM, OR 97301.**

I, Karlene Gander, do hereby affirm that on the **7th day of April, 2017** at **12:30 pm, I:**

served the **OREGON DEPARTMENT OF JUSTICE** by delivering a true copy of the **Summons and Complaint** to **CHERYL BREITENBUCHER,** the clerk who was the designee of the Oregon Attorney General at **1162 COURT STREET NE, SALEM, OR 97301.**

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service. I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.

**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS**
**167 High Street S.E.**
**P.O. Box 846**
**Salem, OR 97308-0846**
**(503) 990-6637**
Our Job Serial Number: PAT-2017001263

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



Exhibit B, Page 1 of 19

4/28/2017 1:51:50 PM
17CV13528

# RETURN OF SERVICE

State of OREGON            County of MULTNOMAH            CIRCUIT Court

Case Number: 17CV13528

PLAINTIFF:
**DAVID BIGGAR**

vs.

DEFENDANT:
**OREGON BOARD OF OPTOMETRY, et al.**

Received by PREFERRED PROCESS SERVERS to be served on **OREGON BOARD OF OPTOMETRY ATTN: SHELLEY SNEED, 1500 LIBERTY STREET SE, SUITE 210, SALEM, OR 97301.**

I, Karlene Gander, do hereby affirm that on the **7th day of April, 2017 at 2:25 pm, I:**

Served **OREGON BOARD OF OPTOMETRY ATTN: SHELLEY SNEED** pursuant to ORCP 7D(3)(b) by delivering a true copy of the **Summons and Complaint** to **SHELLEY SNEED, EXECUTIVE DIRECTOR**, person in charge of the office who is authorized to accept service at **1500 LIBERTY STREET SE, SUITE 210, SALEM, OR 97301.**

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service. I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.

**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS**
**167 High Street S.E.**
**P.O. Box 846**
**Salem, OR 97308-0846**
**(503) 990-6637**
Our Job Serial Number: PAT-2017001260

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

4/17/2017 10:05:17 AM
17CV13528

## <u>AFFIDAVIT OF SERVICE</u>

State of Oregon                          County of Multnomah                          Circuit Court

Case Number: 17CV13528

Plaintiff:
**DAVID BIGGAR**

vs.

Defendant:
**OREGON BOARD OF OPTOMETRY, et al.**

For:
REBECCA CAMBRELENG
CAMBRELENG LAW LLC
806 SW BROADWAY
12TH FLOOR
PORTLAND, OR 97205

Received by BARRISTER SUPPORT SERVICE, INC. on the 7th day of April, 2017 at 11:25 am to be served on **MOLLY S. CARDENAL, OD, 3710 SW US VETERANS HOSPITAL ROAD, RM 8C, PORTLAND, OR 97239**.

I, Wayne Savage, being duly sworn, depose and say that on the **11th day of April, 2017 at 4:25 pm, I:**

SERVED the **SUMMONS; COMPLAINT** by leaving a true copy during normal working hours at the office which the defendant maintains for the conduct of business with **MARICELY GONZALEZ** who was a clerk on duty in the office at that time.

I declare under penalty of perjury that I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding and am authorized to serve the process described herein. I certify that the person, firm, or corporation served is the identical one named in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.
I hereby declare that the above statement is true to the best of my knowledge and belief, and that it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the 13th day
of April, 2017 in the county of MULTNOMAH by the
affiant who is personally known to me.



NOTARY PUBLIC
of OREGON

Wayne Savage
Process Server

BARRISTER SUPPORT SERVICE, INC.
11349 SW 60th Ave.
Portland, OR 97219-6754
(503) 246-8934

Our Job Serial Number: TSB-2017002448

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1c

OFFICIAL STAMP
**JESSICA MARIE NUSOM**
NOTARY PUBLIC-OREGON
COMMISSION NO. 949760
MY COMMISSION EXPIRES APRIL 24, 2020



4/28/2017 1:51:50 PM
17CV13528

# RETURN OF SERVICE

State of OREGON                County of MULTNOMAH                CIRCUIT Court

Case Number: 17CV13528

PLAINTIFF:
**DAVID BIGGAR**

vs.

DEFENDANT:
**OREGON BOARD OF OPTOMETRY, et al.**

Received by PREFERRED PROCESS SERVERS to be served on **LORI LINDLEY, 1162 COURT STREET NE, SALEM, OR 97301**.

I, Karlene Gander, do hereby affirm that on the **7th day of April, 2017** at **12:30 pm, I:**

**SUBSTITUTE** served **a true copy of the Summons and Complaint** during normal working hours by delivering them to **CHERYL BREITENBUCHER,  DESIGNEE OF THE ATTORNEY GENERAL**, the person in charge of the office defendant maintains for the conduct of business at **1162 COURT STREET NE, SALEM, OR 97301**.

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service.  I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.

**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS**
**167 High Street S.E.**
**P.O. Box 846**
**Salem, OR 97308-0846**
**(503) 990-6637**
Our Job Serial Number: PAT-2017001264

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



4/12/2017 3:10:28 PM
17CV13528

## AFFIDAVIT OF SERVICE

State of Oregon                    County of Multnomah                    Circuit Court

Case Number: 17CV13528

Plaintiff:
**DAVID BIGGAR**

vs.

Defendant:
**OREGON BOARD OF OPTOMETRY, et al.**

For:
REBECCA CAMBRELENG
CAMBRELENG LAW LLC
806 SW BROADWAY
12TH FLOOR
PORTLAND, OR 97205

Received by BARRISTER SUPPORT SERVICE, INC. on the 7th day of April, 2017 at 11:25 am to be served on **DEREK LOUIE, OD, 3300 SW BOND AVE, 11TH FLOOR, PORTLAND, OR 97239.**

I, Terry Sheldon, being duly sworn, depose and say that on the **10th day of April, 2017** at **3:45 pm, I:**

SERVED the **SUMMONS; COMPLAINT** by leaving a true copy during normal working hours at the office which the defendant maintains for the conduct of business with **CHRISTINE HENDERSON** who was a clerk on duty in the office at that time.

I declare under penalty of perjury that I am a resident of the State of Oregon. I am a competent person 18 years of age or older and am not a party to or attorney in this proceeding and am authorized to serve the process described herein. I certify that the person, firm, or corporation served is the identical one named in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.
I hereby declare that the above statement is true to the best of my knowledge and belief, and that it is made for use as evidence in court and is subject to penalty for perjury.

Subscribed and Sworn to before me on the 11th day
of April, 2017 in the county of MULTNOMAH by the
affiant who is personally known to me.

_____
NOTARY PUBLIC
of OREGON

**Terry Sheldon**
Process Server

**BARRISTER SUPPORT SERVICE, INC.**
11349 SW 60th Ave.
Portland, OR 97219-6754
(503) 246-8934

Our Job Serial Number: TSB-2017002444

OFFICIAL STAMP
**JESSICA MARIE NUSOM**
NOTARY PUBLIC-OREGON
COMMISSION NO. 949760
MY COMMISSION EXPIRES APRIL 24, 2020

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1c



Exhibit B, Page 5 of 19

5/1/2017 10:55:46 AM
17CV13528

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

DAVID BIGGAR, an individual,

                       Plaintiff,

v.

OREGON BOARD OF OPTOMETRY, an
Oregon State Agency, OREGON
DEPARTMENT OF JUSTICE, an Oregon
State Agency, LORI LINDLEY, an
individual, SHELLEY SNEED, an
individual, JESSICA LYNCH, an individual,
CATHERINE C. WEBBER, an individual,
MOLLY S. CARDENAL, an individual,
STEPHEN TRONNES, an individual,
DEREK LOUIE, an individual, DOUGLAS
J. WALKER, an individual, INGRID
GANDAR, an individual, KIM CLARK, an
individual,

                       Defendants.

Case No.:  17CV13528

AFFIDAVIT OF MAILING

I, Rebecca Cambreleng, being first duly sworn, depose and say:

1. I am one of the lawyers for plaintiff herein.

2. On April 14, 2017, I served a summons and complaint on defendant Derek Louie by depositing with the United States Postal Service certified true copies thereof, via certified mail.

PAGE 1 – AFFIDAVIT OF MAILING

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

3. This affidavit is made to establish service of process and notice pursuant to the requirements of ORCP 7 D(1).

DATED: May 1, 2017.

Rebecca Cambreleng, OSB No. 133209
Rebecca@cambrelenglaw.com
CAMBRELENG LAW LLC
806 SW Broadway, Suite 1200
Portland, OR 97205
(503) 308-1481
**Attorney for Plaintiff David Biggar**

SUBSCRIBED AND SWORN TO before me on May 1, 2017.

/s/
Notary Public for Oregon
My commission expires: 06/14/20

OFFICIAL STAMP
CHRISTINE SUE DESHANO
NOTARY PUBLIC-OREGON
COMMISSION NO. 951308
MY COMMISSION EXPIRES JUNE 14, 2020

PAGE 2 – AFFIDAVIT OF MAILING

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit B, Page 7 of 19

4/17/2017 10:05:17 AM
17CV13528

## AFFIDAVIT OF SERVICE

**State of Oregon**                    **County of Multnomah**                    **Circuit Court**

Case Number: 17CV13528

Plaintiff:
**DAVID BIGGAR**

vs.

Defendant:
**OREGON BOARD OF OPTOMETRY, et al.**

For:
REBECCA CAMBRELENG
CAMBRELENG LAW LLC
806 SW BROADWAY
12TH FLOOR
PORTLAND, OR 97205

Received by BARRISTER SUPPORT SERVICE, INC. on the 7th day of April, 2017 at 11:25 am to be served on **JESSICA LYNCH, 6506 NE CAMPUS WAY, HILLSBORO, OR 97214**.

I, Terry Sheldon, being duly sworn, depose and say that on the **11th day of April, 2017** at **12:02 pm, I:**

**PERSONALLY SERVED** the within named person(s) with a true copy of **SUMMONS; COMPLAINT** at **6506 NE CAMPUS WAY, HILLSBORO, OR 97214** by leaving the documents with **JESSICA LYNCH.**

I declare under penalty of perjury that I am a resident of the State of Oregon. I am a competent person 18 years of age or older and not a party to or attorney in this proceeding and am authorized to serve the process described herein. I certify that the person, firm, or corporation served is the identical one named in this action. I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise.
I hereby declare that the above statement is true to the best of my knowledge and belief, and that it is made for use as evidence in court and is subject to penalty for perjury.

**Terry Sheldon**
Process Server

Subscribed and Sworn to before me on the 13th day
of April, 2017 in the county of MULTNOMAH by the
affiant who is personally known to me.

**BARRISTER SUPPORT SERVICE, INC.**
11349 SW 60th Ave.
Portland, OR 97219-6754
(503) 246-8934

NOTARY PUBLIC
of OREGON

Our Job Serial Number: TSB-2017002446

OFFICIAL STAMP
JESSICA MARIE NUSOM
NOTARY PUBLIC-OREGON
COMMISSION NO. 949760
MY COMMISSION EXPIRES APRIL 24, 2020

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1c



4/28/2017 1:51:50 PM
17CV13528

# **RETURN OF SERVICE**

State of OREGON                County of MULTNOMAH                CIRCUIT Court

Case Number: 17CV13528

PLAINTIFF:
**DAVID BIGGAR**

vs.

DEFENDANT:
**OREGON BOARD OF OPTOMETRY, et al.**

Received by PREFERRED PROCESS SERVERS to be served on **SHELLEY SNEED, 1500 LIBERTY STREET SE, SUITE 210, SALEM, OR 97301.**

I, Karlene Gander, do hereby affirm that on the **7th day of April, 2017** at **2:25 pm, I:**

**PERSONALLY** served a true copy of the **Summons and Complaint** by delivering them to **SHELLEY SNEED** at **1500 LIBERTY STREET SE, SUITE 210, SALEM, OR 97301.**

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service. I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.

**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS**
**167 High Street S.E.**
**P.O. Box 846**
**Salem, OR 97308-0846**
**(503) 990-6637**
Our Job Serial Number: PAT-2017001262

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



Exhibit B, Page 9 of 19

FILED
17 APR 17 AM 8:41
CIRCUIT COURT
THOMAH COUNTY

STATE OF OREGON    }
CURRY COUNTY       }                    Case Number  17CV13528

I hereby certify that I received the foregoing: Summons & Complaint for service upon  DOUGLAS
J WALKER, OD and further, that;

**PERSONAL SERVICE ON AN INDIVIDUAL**

I made service by delivering true copies thereof to him/her, personally and in person
on _____4/13/17_____, at _9o7_ A.m.
at __937 Cherro Ave_____, __Brookings_____, Curry County,
Oregon.


**NOT FOUND**

After due and diligent search and inquiry, I have been unable to effect service of process for
the following reason :

_____

_____

Date: _____  Time: _____.




**John Ward,**
**Curry County Sheriff**
__D. Gardiner_____    __14759_____
Deputy                           DPSST #




*Personal Serve*

4/28/2017 1:51:50 PM
17CV13528

# RETURN OF SERVICE

State of OREGON                County of MULTNOMAH                CIRCUIT Court

Case Number: 17CV13528

PLAINTIFF:
**DAVID BIGGAR**

vs.

DEFENDANT:
**OREGON BOARD OF OPTOMETRY, et al.**

Received by PREFERRED PROCESS SERVERS to be served on **CATHERINE C. WEBBER, BOARD MEMBER, 1500 LIBERTY STREET SE, SUITE 210, SALEM, OR 97301.**

I, Karlene Gander, do hereby affirm that on the **7th day of April, 2017** at **2:25 pm, I:**

**SUBSTITUTE** served **a true copy of the Summons and Complaint** during normal working hours by delivering them to **SHELLEY SNEED, EXECUTIVE DIRECTOR OF THE BOARD**, the person in charge of the office defendant maintains for the conduct of business at **1500 LIBERTY STREET SE, SUITE 210, SALEM, OR 97301.**

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service. I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.

**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS**
**167 High Street S.E.**
**P.O. Box 846**
**Salem, OR 97308-0846**
**(503) 990-6637**
Our Job Serial Number: PAT-2017001261

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



5/1/2017 10:55:46 AM
17CV13528

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

DAVID BIGGAR, an individual,

                Plaintiff,

v.

OREGON BOARD OF OPTOMETRY, an
Oregon State Agency, OREGON
DEPARTMENT OF JUSTICE, an Oregon
State Agency, LORI LINDLEY, an
individual, SHELLEY SNEED, an
individual, JESSICA LYNCH, an individual,
CATHERINE C. WEBBER, an individual,
MOLLY S. CARDENAL, an individual,
STEPHEN TRONNES, an individual,
DEREK LOUIE, an individual, DOUGLAS
J. WALKER, an individual, INGRID
GANDAR, an individual, KIM CLARK, an
individual,

                Defendants.

Case No.: 17CV13528

AFFIDAVIT OF MAILING

I, Rebecca Cambreleng, being first duly sworn, depose and say:

1. I am one of the lawyers for plaintiff herein.

2. On April 14, 2017, I served a summons and complaint on defendant Stephen Tronnes by depositing with the United States Postal Service certified true copies thereof, via certified mail.

PAGE 1 – AFFIDAVIT OF MAILING

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

1         3. This affidavit is made to establish service of process and notice pursuant to the

2    requirements of ORCP 7 D(1).

3         DATED: May 1, 2017.

4                                      Rebecca Cambreleng, OSB No. 133209

5                                      Rebecca@cambrelenglaw.com
                                  CAMBRELENG LAW LLC

6                                      806 SW Broadway, Suite 1200
                                  Portland, OR 97205

7                                      (503) 308-1481
                                  **Attorney for Plaintiff David Biggar**

8

9         SUBSCRIBED AND SWORN TO before me on May 1, 2017.

10                         /s/

11                         Notary Public for Oregon
                      My commission expires: 06/14/20

12

13                               OFFICIAL STAMP

14                           **CHRISTINE SUE DESHANO**
                        NOTARY PUBLIC-OREGON

15                           COMMISSION NO. 951308
                    MY COMMISSION EXPIRES JUNE 14, 2020

16

17

18

19

20

21

22

23

24

PAGE 2 – AFFIDAVIT OF MAILING                         Cambreleng Law LLC
                                            806 SW Broadway, Suite 1200
                                            Portland, Oregon 97205
                                            (503) 308-1481

4/28/2017 1:51:50 PM
17CV13528

## Circuit Court, State of Oregon, County of Multnomah, COUNTY OF MULTNOMAH

| | |
|---|---|
| Plaintiff/Petitioner: **David Biggar** | **AFFIDAVIT OF SERVICE** |
| v s . | Case No: **17CV13528** |
| | Court Date/Time: **00/00/0000 / 12:00 AM** |
| Defendant/Respondent: **Kim Clark, OD** | Court Room: |

Legal documents received by Statewide Process Servers on the 14th day of April, 2017 at 10:30 AM to be served on:

**Kim Clark, OD**
966 N Main Street
Tooele, UT 84074

I, **Darren Nordfelt**, being duly sworn, swear and affirm that on the **20th April, 2017 at 03:37 PM**, I did the following:

**PERSONALLY SERVED** by delivering a true copy of the **SUMMONS AND COMPLAINT** to: Kim Clark, OD at the address of: **966 N Main Street, Tooele, UT 84074**

Description of Person Accepting Service:
Male, White skin, Gray hair, Approx. Age: 55 years, Approx. Height: 5 ft 11 in., Approx. Weight: 170 lbs.

**Supplemental Data Appropriate to this Service:**
Service Comments:
4/20/2017 4:37 PM: Served the papers to Kim in person

I HEREBY CERTIFY that I am 18 years of age or older and have no interest in the above legal matter. I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge information and belief.

Subscribed and sworn to me on the
 21st   day of  April   , 2017
by the affiant who is personally known to
me or produced identification.

X
NOTARY PUBLIC

JASON JACOBSON
NOTARY PUBLIC -STATE OF UTAH
My Comm. Exp 04/12/2021
Commission # 694446

X
Darren Nordfelt
Statewide Process Servers
PO Box 845
West Jordan, UT, 84084
801-809-4133
**Cambreleng Law LLC**
**806 SW Broadway Suite 1200**
**Portland, OR 97205**
**(503) 308-1481**
**Atty File#: 17CV13528**
**Job ID#: 143667**

Service
Fee:
**$50.00**

143667  143667  143667  143667  143667  143667

5/1/2017 10:55:46 AM
17CV13528

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

DAVID BIGGAR, an individual,

                    Plaintiff,

v.

OREGON BOARD OF OPTOMETRY, an
Oregon State Agency, OREGON
DEPARTMENT OF JUSTICE, an Oregon
State Agency, LORI LINDLEY, an
individual, SHELLEY SNEED, an
individual, JESSICA LYNCH, an individual,
CATHERINE C. WEBBER, an individual,
MOLLY S. CARDENAL, an individual,
STEPHEN TRONNES, an individual,
DEREK LOUIE, an individual, DOUGLAS
J. WALKER, an individual, INGRID
GANDAR, an individual, KIM CLARK, an
individual,

                    Defendants.

Case No.:  17CV13528

AFFIDAVIT OF MAILING

I, Rebecca Cambreleng, being first duly sworn, depose and say:

1. I am one of the lawyers for plaintiff herein.

2. On May 1, 2017, I served a summons and complaint on defendant Kim Clark by
depositing with the United States Postal Service certified true copies thereof, via certified mail.

PAGE 1 – AFFIDAVIT OF MAILING

3. This affidavit is made to establish service of process and notice pursuant to the requirements of ORCP 7 D(1).

DATED: May 1, 2017.

Rebecca Cambreleng, OSB No. 133209
Rebecca@cambrelenglaw.com
CAMBRELENG LAW LLC
806 SW Broadway, Suite 1200
Portland, OR 97205
(503) 308-1481
**Attorney for Plaintiff David Biggar**

SUBSCRIBED AND SWORN TO before me on May 1, 2017.

/s/

Notary Public for Oregon
My commission expires: 04/14/20



OFFICIAL STAMP
CHRISTINE SUE DESHANO
NOTARY PUBLIC-OREGON
COMMISSION NO. 951308
MY COMMISSION EXPIRES JUNE 14, 2020

PAGE 2 – AFFIDAVIT OF MAILING

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

4/28/2017 1:51:50 PM
17CV13528

# **RETURN OF SERVICE**

State of OREGON                    County of MULTNOMAH                    CIRCUIT Court

Case Number: 17CV13528


PLAINTIFF:
**DAVID BIGGAR**

vs.

DEFENDANT:
**OREGON BOARD OF OPTOMETRY, et al.**


Received by PREFERRED PROCESS SERVERS to be served on **INGRID GANDER, 1960 COMMERCIAL STREET SE, SALEM, OR 97302.**

I, Karlene Gander, do hereby affirm that on the **7th day of April, 2017** at **2:22 pm, I:**

**PERSONALLY** served a true copy of the **Summons and Complaint** by delivering them to **INGRID GANDER** at **1960 COMMERCIAL STREET SE, SALEM, OR 97302.**


I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service. I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.



**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS**
**167 High Street S.E.**
**P.O. Box 846**
**Salem, OR 97308-0846**
**(503) 990-6637**
Our Job Serial Number: PAT-2017001265


Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



Exhibit B, Page 17 of 19



5/1/2017 10:55:46 AM
17CV13528

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| DAVID BIGGAR, an individual, | Case No.: 17CV13528 |
| Plaintiff, | |
| v. | AFFIDAVIT OF MAILING |
| OREGON BOARD OF OPTOMETRY, an Oregon State Agency, OREGON DEPARTMENT OF JUSTICE, an Oregon State Agency, LORI LINDLEY, an individual, SHELLEY SNEED, an individual, JESSICA LYNCH, an individual, CATHERINE C. WEBBER, an individual, MOLLY S. CARDENAL, an individual, STEPHEN TRONNES, an individual, DEREK LOUIE, an individual, DOUGLAS J. WALKER, an individual, INGRID GANDAR, an individual, KIM CLARK, an individual, | |
| Defendants. | |

I, Rebecca Cambreleng, being first duly sworn, depose and say:

1. I am one of the lawyers for plaintiff herein.

2. On April 14, 2017, I served a summons and complaint on defendant Ingrid Gander by depositing with the United States Postal Service certified true copies thereof, via certified mail.

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit B, Page 18 of 19

1    3. This affidavit is made to establish service of process and notice pursuant to the

2    requirements of ORCP 7 D(1).

3    DATED: May 1, 2017.

4                                    Rebecca Cambreleng, OSB No. 133209
                                     Rebecca@cambrelenglaw.com
5                                    CAMBRELENG LAW LLC
                                     806 SW Broadway, Suite 1200
6                                    Portland, OR 97205
                                     (503) 308-1481
7                                    **Attorney for Plaintiff David Biggar**

8

9    SUBSCRIBED AND SWORN TO before me on May 1, 2017.

10                          /s/
                            Notary Public for Oregon
11                          My commission expires: 06/14/20

12

13                          OFFICIAL STAMP
                            CHRISTINE SUE DESHANO
14                          NOTARY PUBLIC-OREGON
                            COMMISSION NO. 951308
15                          MY COMMISSION EXPIRES JUNE 14, 2020

16

17

18

19

20

21

22

23

24

PAGE 2 – AFFIDAVIT OF MAILING                                  Cambreleng Law LLC
                                                            806 SW Broadway, Suite 1200
                                                               Portland, Oregon 97205
                                                                  (503) 308-1481

5/1/2017 12:03:38 PM
17CV13528

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| DAVID BIGGAR, an individual,<br><br>                   Plaintiff,<br>v.<br><br>OREGON BOARD OF OPTOMETRY, an Oregon State Agency, OREGON DEPARTMENT OF JUSTICE, an Oregon State Agency, LORI LINDLEY, an individual, SHELLEY SNEED, an individual, JESSICA LYNCH, an individual, CATHERINE C. WEBBER, an individual, MOLLY S. CARDENAL, an individual, STEPHEN TRONNES, an individual, DEREK LOUIE, an individual, DOUGLAS J. WALKER, an individual, INGRID GANDER, an individual, KIM CLARK, an individual,<br><br>                   Defendants. | Case No.:  17CV13528<br><br>**FIRST AMENDED COMPLAINT**<br><br>Violations of Due Process, Disability Discrimination, Breach of Duty of Confidentiality and Notice of Prior Disclosure, Violation of Public Hearing Notice Requirements, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Defamation, Intentional Infliction of Emotional Distress.<br><br>**CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**JURY TRIAL DEMANDED**<br><br>CLAIM FOR $4,699,000.00 (ORS 21.160(1)(b) |

Plaintiff David Biggar ("Plaintiff") alleges as follows:

### THE PARTIES

1.

Plaintiff is an individual residing in Multnomah County, Oregon.

PAGE 1 – FIRST AMENDED COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

2.

The Oregon Board of Optometry ("OBO") was and is an Oregon State Agency existing under the laws of the State of Oregon and at all material times had administrative, rulemaking, licensing, and regulatory powers over optometrists in the State of Oregon. *See* ORS 683.250, 683.270, 182.454, and 182.456.

3.

Defendant Shelley Sneed ("Sneed"), at all material times, has been the chair of the OBO. Defendant Jessica Lynch ("Lynch"), at all material times, has been a board member of the OBO. Defendant Catherine C. Webber ("Webber"), at all material times, has been a board member of the OBO. Defendant Molly S. Cardenal, OD ("Cardenal"), at all material times, has been a board member of the OBO. Defendant Stephen Tronnes, OD ("Tronnes"), at all material times, has been a board member of the OBO. Defendant Derek Louie, OD ("Louie"), at all material times, has been a board member of the OBO. Defendant Douglas J. Walker, OD ("Walker"), at all material times, has been a board member of the OBO.

4.

The Oregon Department of Justice ("DOJ") was and is an Oregon State Agency existing under the laws of the State of Oregon and defendant Lori Lindley ("Lindley") at all material times, was an attorney with the DOJ advising and counseling the OBO within that capacity.

5.

Defendant Ingrid Gander ("Gander"), upon information and belief, is an individual living in Washington County.

6.

Defendant Kim Clark, OD ("Clark") is an individual living in the state of Utah.

### FACTUAL ALLEGATIONS COMMON TO MULTIPLE CLAIMS
### FACTS

7.

Plaintiff graduated from Pacific University College of Optometry in 2006 with a Doctor of Optometry.

PAGE 2 – FIRST AMENDED COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

8.

Plaintiff began to practice in 2006 and after 6 years he founded and opened Eyes of Oregon LLC in 2012, which included 2 existing offices that were simultaneously acquired from retiring or deceased doctors, one in Lake Oswego and one in Tillamook.

9.

Plaintiff remodeled both offices and opened them simultaneously in 2012. Since that date, he has employed approximately 13 people and served over 8,000 patients.

10.

On March 31, 2016, OBO sent Plaintiff two (2) letters.

11.

The first letter ("Letter A") stated that the OBO had received several complaints about Plaintiff's fitness to care for patients under ORS 676.303(1), as Plaintiff had been accused of "inability to practice" and "making threats of harm to yourself and others". According to the letter, the OBO opened an investigation into Plaintiff's fitness to practice and that Plaintiff had 48 hours to sign the enclosed "Interim Agency Order" whereby he agreed to stop practicing optometry until his mental health could be assessed, he was on a treatment plan written by a professional, and showed a willingness to follow the prescribed treatment plan. If he refused to sign the Interim Order, the Board would "take action and do an emergency suspension of your Oregon optometry license." The attached Interim Agency Order referred to case numbers 16-03-03; 16-03-04; 16-06-05. Letter A was signed by Sneed. No hearing notice was included.

12.

The second letter ("Letter B" and, together with Letter A, the "Letters") referred to an OBO investigation case number 16-03-03, and stated that on March 30, 2016, the OBO met and "reviewed information gathered in the investigation of this case". The OBO then asked for additional information to make an assessment within 21 days from the date of the letter. There is no mention of an emergency suspension.

13.

Plaintiff never received notice of the March 30, 2016 hearing, or notice of any investigation opened against him until March 31, 2016.

PAGE 3 – FIRST AMENDED COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

  
14.

Immediately upon receipt of the Letters, on March 31, 2016, Plaintiff called Sneed to ask how he could best comply with the OBO's requirements so that his license would not be suspended and he could keep his practices open. Sneed told him to complete a psychiatric evaluation with one of the OBO's preferred healthcare providers. Plaintiff made an appointment with Dr. Les Goldmann for the next day, April 1, 2016.

15.

On April 1, 2016, Plaintiff met with Dr. Goldmann in a three (3) hour session. Prior to this appointment, the OBO sent Dr. Goldmann the details of the prejudicial allegations against Plaintiff including unsubstantiated statements of mental impairment.

16.

Dr. Goldmann's report states that "Dr. Biggar did not present any symptoms during the interview suggestive of imminent danger to patients or employees." Dr. Goldmann goes on to state that Plaintiff should not practice optometry based, in part, "upon the seriousness of the complaints…"

17.

On April 5, the OBO sent an Order of Emergency Suspension to Plaintiff ("Emergency Order"). The Emergency Order signed April 5, 2016 by Sneed lays out in great detail the unsubstantiated and inflammatory complaints made against Plaintiff.

18.

The complaints laid out in the Emergency Order include sensitive and protected health information, patently false claims, defamatory statements, and egregious violations of privacy.

19.

Upon information and belief, one of the complainants was Gander, a former employee of Plaintiff who left after multiple warnings regarding poor patient care, gossiping about co-workers, and failure to complete assigned tasks.

20.

Upon information and belief, another complainant was Clark, an OD who was shadowing Plaintiff in the hopes of purchasing his practice, but who eventually backed out of the signed contract due to his inability to run a practice.

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

21.

The OBO chose to disclose and publish to the public the false and unverified allegations made in bad faith by two individuals, Gander and Clark, with a grudge against Plaintiff, without any investigation or hearing.

22.

On that same day, April 5, 2016, Plaintiff responds to Sneed and the OBO in an email and asks for an in-person meeting in Salem at the OBO headquarters.

23.

Sneed and the OBO do not respond to this request for a hearing.

24.

On April 13, 2016, Plaintiff again, both on the phone and in email, asks for a hearing and also asks whether any accommodation can be made so he can continue to practice, such as having another person in the room with him while he sees patients.

25.

Sneed responded to Plaintiff's request for a hearing on April 13, 2016, and copied Lindley on the email chain to formally request a hearing.

26.

Plaintiff's request for accommodation is ignored.

27.

On April 14, 2016, Sneed tells Plaintiff that a hearing has been set for May 6, 2016.

28.

On April 15, 2106, the OBO amends the Emergency Order ("Amended EO") to ask Plaintiff to pay for the hearing and all costs associated with his own discipline. The Amended EO is then placed online for public consumption with no edits, and includes all the same unverified allegations and Plaintiff's sensitive health information as the Emergency Order.

29.

On April 20 and 22, counsel for Plaintiff sends letters to Sneed, Lindley, and the OBO asking for redactions of the Amended EO based on the sensitive and harmful information included in the body of the Amended EO. The OBO refuses.

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

30.

On April 28, 2016, counsel for Plaintiff emails Lindley and Sneed and asks for accommodation for Plaintiff to continue to keep his office open. The request is again ignored.

31.

On May 5, 2016, operating under extreme duress and based on promises made by the OBO, Plaintiff signs a Consent Order for case numbers 16-03-03, 16-03-04, and 16-03-05.

32.

The Consent Order states that "The Emergency Order is withdrawn and this Consent Order replaces all previous Board orders, including the Emergency Order." And that "This Consent Order is a full, final and complete settlement of all matters relating to the complaints referenced above."

33.

On May 24, 2016 counsel for Plaintiff sends Lindley an email stating that the OBO still has not taken down the Amended EO from the website and replaced it with the Consent Order.

34.

Lindley explains to Plaintiff's counsel that staff for the OBO will not remove the Amended EO as directed under the Consent Order and Plaintiff must wait until the September 9, 2016 board meeting to have the OBO direct their staff to take down the information.

35.

Plaintiff fully complies with the Consent Order and on June 20, 2016, Plaintiff's license to practice is reinstated.

36.

On September 9, 2016, Plaintiff and his counsel attend the OBO meeting and is told by Sneed that the OBO will take down the Amended EO from the website and replace it with the Consent Order.

37.

As of the date of this complaint, the Amended EO is still up on the website and the Consent Order is not.

38.

The Consent Order stated that it was dispositive of all matters relating to case no 16-03-03. Yet the OBO continued to persecute Plaintiff on this case.

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

39.

During the September 9th board meeting, the OBO continued to discuss case no 16-03-03 and issued notice that Plaintiff was to complete, at his expense, 18 hours of additional training.

40.

On September 20, 2016, the OBO sent another letter to Plaintiff entitled "Enforcement Case #16-03-03" which included a proposed imposition of discipline.

41.

Thus, despite Plaintiff's full and complete cooperation with the Consent Order, the OBO, Sneed, and Lindley continued to violate the terms of the Consent Order causing Plaintiff to incur additional stress, expense, and humiliation.

42.

Moreover, Plaintiff agreed to waive his constitutional rights to a hearing on all three (3) case numbers by signing the Consent Order on the conditions that the OBO was supposed to meet: withdrawal of the Amended EO and settlement of all 3 cases. The OBO has continuously refused to meet those conditions and thus, has violated Plaintiff's constitutional rights to due process.

43.

As is noted in Dr. Goldmann's report, Plaintiff has the self-awareness and emotional control to know when he needs help and he has sought the help when it has been needed. Plaintiff has never threated any employees or any patients and the allegation that Plaintiff was going to hurt himself was based on a simple macabre observation said to a friend in confidence.

44.

The OBO, Sneed, and Lindley chose to make Plaintiff's medical history public information, chose to ignore witnesses statements as to the veracity of the complaints made against Plaintiff, and instead instigated a witch-hunt against a person with a verifiable and well controlled mental disorder.

45.

The OBO, Sneed, and Lindley outright ignored repeated requests for accommodation based on Plaintiff's mental disability, and instead chose to punish him for seeking treatment when he needed it and asking for help in coping in light of the allegations against him.

PAGE 7 – FIRST AMENDED COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

46.

Plaintiff's life and business have been decimated by the actions and inactions of the
Defendants.

47.

Since the Amended EO went public online, Plaintiff has suffered incredible economic
losses to his business including:

- Loss of 50% of his patients due to the Amended EO being #1 on any Google search
  of Plaintiff's name;

- Loss of income due to loss of patient base;

- Loss of potential sale of business due to loss of patient base and non-marketable
  practice;

- Inability to bill insurance as Plaintiff has been banned from several insurance
  agencies based on the Amended EO, even though his license to practice has been
  reinstated and he has been in good standing ever since. This results in an even greater
  loss of patients.

48.

Plaintiff is a loving and highly involved parent, having stayed at home with his kids for
several years, and has been a volunteer parent in many capacities at his childrens' schools and
activities. Since the Amended EO was published, Plaintiff has been asked to no longer coach his
daughter's soccer team, and told he was no longer allowed to volunteer at his daughter's school.

49.

Plaintiff's ex-wife also used the Amended EO to alter the custody arrangement from
Plaintiff having joint custody of his children to no custody and only visitation rights; a move
which devastated Plaintiff to no end after having spent years as a stay-at-home dad.

50.

On September 25, 2016, plaintiff served written notice on defendants of plaintiff's claims
as alleged herein as is required under ORS 30.275.

51.

Plaintiff hereby reserves the right to amend this complaint pursuant to ORS 31.725.

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit C, Page 8 of 20

## FIRST CLAIM FOR RELIEF

### (Violations of Due Process – 42 U.S.C. §1983)

### (Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)

52.

Plaintiff incorporates and realleges paragraphs 1 through 51 by reference as though set forth fully herein.

53.

42 USC §1983 states that every person who, under color of any statute or regulation, subjects or causes to be subject any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the injured party.

54.

OBO is a semi-independent state agency that may sue or be sued in its own name as discussed above, and is subject to 42 USC §1983. The remaining defendants are persons under the meaning of the statute.

55.

Plaintiff is a citizen of the United States who was denied due process by the Defendants, a right that is guaranteed by the Constitution. Plaintiff was denied this right by the failure of notice by the board of any hearing rights, failure to allow for a hearing when first requested by Plaintiff, and the failure to fully investigate the complaints against Plaintiff before suspending his license in violation of ORS 192.620, 192.630, 192.640, and 683.155 as described more fully in paragraphs 72 to 73.

56.

As a direct and proximate cause of the defendants' actions, Plaintiff has suffered and continues to suffer economic damages, including loss of earnings, medical bills, consultation bills, and other various amounts paid out-of-pocket to defend himself in these actions, in an amount continuing to accrue to be determined at trial. This amount, at the time of the filing of this complaint, is approximately $399,000 and his economic damages continue to accrue at an annual rate of approximately $260,000.

57.

As a direct and proximate cause of the defendant's intentional actions, Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity,

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

sleeplessness, humiliation, and loss of enjoyment of life. Plaintiff therefore requests an award of non-economic damages in an amount to be determined at trial but not exceeding $800,000.

58.

Plaintiff is entitled to prevailing party fees pursuant to ORS 20.190, and costs and disbursements, pursuant to ORCP 68.

## SECOND CLAIM FOR RELIEF
### (Disability Discrimination – 42 U.S.C. §12132)
### (Against Defendant OBO)

59.

Plaintiff incorporates and realleges paragraphs 1 through 58 by reference as though set forth fully herein.

60.

The statute states that no qualified individual with a disability shall, by reason of such disability, be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

61.

OBO is a semi-independent state agency that may sue or be sued in its own name as discussed above, and falls under the definition of "public entity" under 42 USC §12131.

62.

Plaintiff falls under the definition of a "qualified individual with a disability" under 42 USC §12131 through his diagnosed mental disorder.

63.

OBO discriminated against Plaintiff through its decision to suspend Plaintiff's license and publicly reprimand Plaintiff based on his disability in violation of ORS 683.140 and 676.303 without proper investigation or discussion of any accommodation.

64.

As a direct and proximate cause of the defendants' actions, Plaintiff has suffered and continues to suffer economic damages, including loss of earnings, medical bills, consultation bills, and other various amounts paid out-of-pocket to defend himself in these actions, in an amount continuing to accrue to be determined at trial. This amount, at the time of the filing of

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

1    this complaint, is approximately $399,000 and his economic damages continue to accrue at an

2    annual rate of approximately $260,000.

                                        65.

3        As a direct and proximate cause of the defendant's intentional actions, Plaintiff has

4    suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity,

5    sleeplessness, humiliation, and loss of enjoyment of life. Plaintiff therefore requests an award

6    of non-economic damages in an amount to be determined at trial but not exceeding $750,000

                                        66.

7        Plaintiff is entitled to prevailing party fees pursuant to ORS 20.190, and costs and

8    disbursements, pursuant to ORCP 68.

9                            **THIRD CLAIM FOR RELIEF**

10   **(Breach of Duty of Confidential Information and Notice of Prior Disclosure – ORS**
                                  **683.165, 676.180)**

11   **(Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)**

12                                      67.

13       Plaintiff incorporates and realleges paragraphs 1 through 66 by reference as though set

14   forth fully herein.

                                        68.

15       ORS 683.165 states that "[a]ny information that the Oregon Board of Optometry

16   obtains… is confidential as provided under ORS 676.175." ORS 676.157 states "[a] health

17   professional regulatory board shall keep confidential and not disclose to the public any

18   information obtained by the board as part of an investigation of a licensee or applicant,

19   including complaints concerning licensee…" ORS 676.180 states that "[i]f a health professional

20   regulatory board intends to disclose a record pursuant to 676.175, the board shall provide the

     licensee or applicant seven days' prior written notice by first class mail."

21                                      69.

22       Defendants violated Plaintiff's rights under the laws of the State of Oregon not to have

23   his confidential and protected health information publicly disseminated. Defendants'

     investigation did not necessitate any disclosure of Plaintiff's prior mental health treatment nor

24   the salacious and false details of the complaints against Plaintiff. Moreover, even if Defendants

felt it necessary to disclosure Plaintiff's mental health diagnosis, Defendants sent no notice to Plaintiff as required by 676.180.

70.

The Defendants' intentional and willful breach of their duty to Plaintiff under the law is a violation of his rights and has caused him emotional distress, mental pain and anguish, embarrassment, loss of dignity, sleeplessness, humiliation, and loss of enjoyment of life and Plaintiff requests damages in an amount to be determined at trial, but not to exceed $500,000.

**FOURTH CLAIM FOR RELIEF**

**(Violations of Duty of Notice for Public Hearings – ORS 192.610 et seq and 683.155)**

**(Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)**

71.

Plaintiff incorporates and realleges paragraphs 1 through 70 by reference as though set forth fully herein.

72.

ORS 683.155 states that "[w]here the Oregon Board of Optometry proposes… to impose any disciplinary sanction or civil penalty under ORS 683.140, opportunity for a hearing shall be accorded as provided in ORS Chapter 183." ORS 183.415 sets out the various notice requirements including "reasonable notice" of the hearing "served personally or by registered or certified mail." ORS 192.620 states that Oregon requires that the public be informed and aware of the deliberations and decisions of governing bodies. ORS 192.630 states that "[a]ll meetings of the governing body of a public body shall be open to the public…" and that a governing body "may not meet in private for the purpose of deliberating toward a decision on any matter…" Public notice of such meetings where deliberation is occurring is required under 192.640 and shall be reasonably calculated to give actual notice to interested persons.

73.

Defendants' March 30, 2016 meeting was in direct violation of ORS 683.155, 183.415, 192.620, 192.630, and 192.640. This "special meeting" was held without any notice given to Plaintiff, for the sole purpose of deliberating about Plaintiff's EO.

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

74.

The Defendants' intentional and willful breach of their duty to Plaintiff under the law is a violation of his rights and has caused him emotional distress, mental pain and anguish, embarrassment, loss of dignity, sleeplessness, humiliation, and loss of enjoyment of life and Plaintiff requests damages in an amount to be determined at trial, but not to exceed $500,000.

75.

Further, ORS 192.680(1) states that the decisions of the OBO "shall be voidable" where ORS 192.610 to 192.690 are breached. Therefore, Plaintiff requests that the EO, Amended EO, and Consent Order be voided by the court and removed from the website.

### FIFTH CLAIM FOR RELIEF
### (Count I - Breach of Contract)
### (Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)

76.

Plaintiff incorporates and realleges paragraphs 1 through 75 by reference as though set forth fully herein.

77.

The Consent Order required Defendants to withdraw the Amended EO and have the Consent Order replace all previous board orders, and stated that the Consent Order was the "full, final and complete settlement of all matters relating to the complaints referenced above" which included case no 16-03-03.

78.

As of the date of this Complaint, Defendants have failed to abide by the terms of the Consent Order thereby breaching their duties under the terms of the contract.

79.

As a direct, proximate, and foreseeable result of Defendant's breach of this agreement, Plaintiff has suffered economic damages in an amount to be proven at trial, which amount is currently alleged to be $399,000, exclusive of prejudgment interest, costs and attorney's fees.

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

80.

The dates on which Defendants became responsible for the amounts described in paragraph 79 are easily ascertainable. As such, Plaintiff is entitled to prejudgment interest on those amounts at the statutory rate of 9% per annum.

**(Count II - Breach of Implied Covenant of Good Faith and Fair Dealing)**
**(Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)**

81.

Plaintiff incorporates and realleges paragraphs 1 through 80 by reference as though set forth fully herein.

82.

Every contract contains an implied covenant of good faith and fair dealing.

83.

Defendants engaged in conduct that violated the expectation of good faith and fair dealing when they repeatedly failed to remove the Amended EO from the website and replace it with the Consent Order, and when they continued to prosecute Plaintiff under case no 16-03-03.

84.

As a direct, proximate, and foreseeable result of Defendant's breach of this agreement, Plaintiff has suffered economic damages in an amount to be proven at trial, which amount is currently alleged to be $399,000, exclusive of prejudgment interest, costs and attorney's fees.

85.

The dates on which Defendant became responsible for the amounts described in paragraph 84 are easily ascertainable. As such, Plaintiff is entitled to prejudgment interest on those amounts at the statutory rate of 9% per annum.

**SIXTH CLAIM FOR RELIEF**
**(Defamation)**
**(Against All Defendants)**

86.

Plaintiff incorporates and realleges paragraphs 1 through 85 by reference as though set forth fully herein.

PAGE 14 – FIRST AMENDED COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

87.

Defendants made statements that were verifiably false. Such statements were concerning the Plaintiff.

88.

The statements made by Defendants were published to the public at large.

89.

The statements were made with the purpose and/or effect of subjecting Plaintiff to contempt, ridicule, fear, and mistrust and were intended to, and did, diminish the esteem, respect, goodwill, and confidence in which Plaintiff was held in his community.

90.

Such false statements were made regarding Plaintiff's business and his inability to perform as an OD, and were inflammatory in nature.

91.

As a result of Defendants' false statements, Plaintiff lost clients, the potential sale of his business, and insurance contracts. Such losses were foreseeable as a result of Defendants' false and malicious statements.

92.

Plaintiff's special and/or general damages are presumed.

93.

As a result of Defendants' statements, Plaintiff seeks special and general damages in an amount to be determined at trial, but not to exceed $500,000.

**SEVENTH CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress)**

**(Against All Defendants)**

94.

Plaintiff incorporates and realleges paragraphs 1 through 93 by reference as though set forth fully herein.

PAGE 15 – FIRST AMENDED COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

95.

The Defendants' actions were committed deliberately and intentionally in order to cause Plaintiff severe emotional distress or were undertaken in reckless disregard that Plaintiff would suffer emotional distress.

96.

Defendants knew, or should have known, that Plaintiff would suffer severe emotional distress, mental anguish, fear, humiliation, and public embarrassment and that such distress was substantially certain to result from their conduct.

97.

Defendants intended such a result, and their conduct did, in fact, cause Plaintiff severe emotional distress. Such severe emotional distress is permanent and progressive and as such Plaintiff requests damages in an amount to be determined at trial, but not to exceed $500,000.

## EIGTH CLAIM FOR RELIEF
### (Intentional Interference with Economic Relations)
### (Against All Defendants)

98.

Plaintiff incorporates and realleges paragraphs 1 through 97 by reference as though set forth fully herein.

99.

There existed a professional relationship between Plaintiff and his patients, prospective patients, prospective buyers of his practices, and his patients' insurance companies.

100.

Defendants intentionally interfered with those relationships through improper means and for improper purposes including, but not limited to, making allegations in bad faith, publishing unsubstantiated allegations to the public, failing to abide by terms of confidentiality, and other such conduct.

101.

The conduct by Defendants interfered with Plaintiff's economic relationships and caused damage as a result of that interference. As a direct and proximate cause of the defendants' actions, Plaintiff has suffered and continues to suffer economic damages in an amount continuing to accrue to be determined at trial.  This amount, at the time of the filing of this

PAGE 16 – FIRST AMENDED COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

complaint, is approximately $399,000 and his economic damages continue to accrue at an annual rate of approximately $260,000.

## NINTH CLAIM FOR RELIEF

### (False Light)

### (Against Defendants OBO, Sneed, Lindley, Webber, Cardenal, Tronnes, Louie, Walker)

102.

Plaintiff incorporates and realleges paragraphs 1 through 101 by reference as though set forth fully herein.

103.

The Defendants' actions gave publicity to matters concerning Plaintiff that placed him before the public in a false light. This publication was made to the public generally and/or a large number of persons, and was intended to be made so, by publication on the internet with links from the OBO's page.

104.

This false light was highly offensive as the allegations against Plaintiff were made in bad faith, were never investigated, included confidential information, and were inflammatory and false. Defendants either knew the allegations were false, or acted with disregard as to the falsity of the publicized matter.

105.

The conduct by Defendants placed Plaintiff in a false light and caused damage as a result of that publication. As a direct and proximate cause of the defendants' actions, Plaintiff has suffered and continues to suffer economic damages in an amount to be determined at trial. This amount, at the time of the filing of this complaint, is approximately $399,000 and his economic damages continue to accrue at an annual rate of approximately $260,000.

106.

As a direct and proximate cause of the defendant's intentional actions, Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity, sleeplessness, humiliation, and loss of enjoyment of life. Plaintiff therefore requests an award of non-economic damages in an amount to be determined at trial but not exceeding $750,000

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.   Economic damages against the defendant in the amount of $399,000.00,

2.   Non-economic damages against the defendant in the amount of $4,300,000.00,

3.   Attorney fees and costs as allowed by law, as well as prejudgment and post-judgment interest, and

4.   Any other relief the Court deems just and equitable.


Dated this 1st day of May, 2017.


Rebecca Cambreleng, OSB No. 133209
Rebecca@cambrelenglaw.com
CAMBRELENG LAW LLC
806 SW Broadway, Suite 1200
Portland, OR 97205
(503) 308-1481

**Attorney for Plaintiff David Biggar**

PAGE 18 – FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

1

I hereby certify that on the 1st day of May, 2017, I served the foregoing First Amended

2   Complaint on the following individual(s):

3   Oregon Board of Optometry                   Stephen Tronnes, OD
    Attn: Shelley Sneed and Lori Lindley        1689 NW Hopper Street
4   1500 Liberty Street SE, Suite 210           Roseburg, Oregon 97471
    Salem, OR 97301                             **Defendant Tronnes**
5   **Defendant OBO**

6
    Molly S. Cardenal, OD                       Derek Louie, OD
7   3710 SW US Veterans Hospital Road           3300 SW Bond Ave, 11th Floor
    Portland, OR 97207                          Portland, OR 97239
8   **Defendant Cardenal**                      **Defendant Louie**

9
    Oregon Department of Justice                Douglas J. Walker, OD
10  Attn: Ellen Rosenblum                       P.O. Box 4005
    1162 Court Street NE                        Brookings, OR 97415
11  Salem, OR 97301                             **Defendant Walker**
    **Defendant DOJ**
12
    Lori Lindley                                Dr. Jessica Lynch
13  DOJ Business Activities Sect                Vivid Eye Care
    1162 Court Street NE                        6506 NE Campus Way
14  Salem, OR 97301                             Hillsboro, OR 97214
    **Defendant Lindley**                       **Defendant Lynch**
15
    Ms. Shelley Sneed                           Ingrid Gander
16  1500 Liberty Street SE, Suite 210           14095 SW Walker Rd. #131
    Salem, OR 97301                             Beaverton, OR 97005
17  **Defendant Sneed**                         **Defendant Gander**
18
    Catherine C. Webber                         Kim Clark, OD
19  1500 Liberty Street SE, Suite 210           Standard Optical
    Salem, OR 97301                             966 N. Main St.
20  **Defendant Webber**                        Tooele, UT 84074
                                                **Defendant Clark**
21

22

23  by:

24          ☒      Mailing a true copy thereof, certified by me as such, contained in a sealed
    envelope, with postage paid, addressed to said individual(s) at their last known address as listed
    above and deposited in the post office at Portland, Oregon on said day.

PAGE 19 – FIRST AMENDED COMPLAINT                                  Cambreleng Law LLC
                                                             806 SW Broadway, Suite 1200
                                                                 Portland, Oregon 97205
                                                                       (503) 308-1481

1      ☐    Electronically mailing a copy to said individual(s) at their last known electronic address as listed above.

2      ☐    Delivering true copy/copies thereof, certified by me as such, to said individual, in

3 person.

4     DATED this 1st day of May, 2017.

5

6                               Rebecca Cambreleng, OSB #133209

7                               **Attorney for Plaintiff**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PAGE 20 – FIRST AMENDED COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search Back

Location : All Locations    Images Help

# REGISTER OF ACTIONS
## CASE NO. 17CV13528

| | | |
|---|---|---|
| David Biggar vs Oregon Board of Optometry, Oregon Department of Justice, Lori Lindley, Shelley Sneed, Jessica Lynchetal. | §<br>§<br>§<br>§<br>§ | Case Type: **Tort - General**<br>Date Filed: **03/31/2017**<br>Location: **Multnomah** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Cardenal, Molly S | |
| Defendant | Clark, Kim | |
| Defendant | Gandar, Ingrid | |
| Defendant | Lindley, Lori | |
| Defendant | Louie, Derek | |
| Defendant | Lynch, Jessica | |
| Defendant | Oregon Board of Optometry | |
| Defendant | Oregon Department of Justice | |
| Defendant | Sneed, Shelley | |
| Defendant | Tronnes, Stephen | |
| Defendant | Walker, Douglas J | |
| Defendant | Webber, Catherine C | |
| Plaintiff | Biggar, David | Rebecca Cambreleng<br>*Retained*<br>503 308-1481(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

03/31/2017 **Complaint**
*Violations of Due Process; NOT SUBJECT TO MANDATORY ARBITRATION*
Created: 03/31/2017 11:02 AM

03/31/2017 **Service**

| | | |
|---|---|---|
| Oregon Board of Optometry | Served | 04/07/2017 |
| | Returned | 04/28/2017 |
| Oregon Department of Justice | Served | 04/07/2017 |
| | Returned | 04/28/2017 |
| Lindley, Lori | Served | 04/14/2017 |
| | Returned | 05/01/2017 |
| Sneed, Shelley | Served | 04/07/2017 |
| | Returned | 04/28/2017 |
| Lynch, Jessica | Served | 04/11/2017 |
| | Returned | 04/17/2017 |
| Gandar, Ingrid | Served | 04/07/2017 |
| | Returned | 04/28/2017 |
| Clark, Kim | Served | 04/20/2017 |
| | Returned | 04/28/2017 |
| Webber, Catherine C | Served | 04/14/2017 |
| | Returned | 05/01/2017 |
| Cardenal, Molly S | Served | 04/11/2017 |
| | Returned | 04/17/2017 |

|            |                                                              | Tronnes, Stephen      | Served   | 04/14/2017 |
|            |                                                              |                       | Returned | 05/01/2017 |
|            |                                                              | Louie, Derek          | Served   | 04/14/2017 |
|            |                                                              |                       | Returned | 05/01/2017 |
|            |                                                              | Walker, Douglas J     | Served   | 04/13/2017 |
|            |                                                              |                       | Returned | 04/17/2017 |

|            |                                                                                                              |
|------------|--------------------------------------------------------------------------------------------------------------|
|            | Created: 03/31/2017 11:02 AM                                                                                 |
| 04/12/2017 | **Proof of Service - Substitute**<br>*corrected code* (*NO mailing *)<br>Created: 04/13/2017 9:01 AM        |
| 04/17/2017 | **Proof - Service**<br>Created: 04/17/2017 4:28 PM                                                           |
| 04/17/2017 | **Proof - Service**<br>Created: 04/17/2017 4:28 PM                                                           |
| 04/19/2017 | **Proof - Service**<br>Created: 04/19/2017 3:28 PM                                                           |
| 04/28/2017 | **Proof - Service**<br>Created: 04/28/2017 2:34 PM                                                           |
| 04/28/2017 | **Proof - Service**<br>Created: 04/28/2017 2:34 PM                                                           |
| 04/28/2017 | **Proof - Service**<br>Created: 04/28/2017 2:34 PM                                                           |
| 04/28/2017 | **Proof of Service - Substitute**<br>Created: 04/28/2017 2:34 PM                                             |
| 04/28/2017 | **Proof - Service**<br>Created: 04/28/2017 2:34 PM                                                           |
| 04/28/2017 | **Proof - Service**<br>Created: 04/28/2017 2:34 PM                                                           |
| 04/28/2017 | **Proof of Service - Substitute**<br>Created: 04/28/2017 2:34 PM                                             |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:15 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:16 AM                                                      |
| 05/01/2017 | **Affidavit - Mailing**<br>Created: 05/01/2017 11:16 AM                                                      |
| 05/01/2017 | **Complaint - Amended**<br>1st - **UPDATED PRAYER AMT**<br>Created: 05/01/2017 1:07 PM                       |

## FINANCIAL INFORMATION

|            |                                    |               |             |           |
|------------|------------------------------------|---------------|-------------|-----------|
|            | **Plaintiff** Biggar, David        |               |             |           |
|            | Total Financial Assessment         |               |             | 793.00    |
|            | Total Payments and Credits         |               |             | 793.00    |
|            | **Balance Due as of 05/08/2017**   |               |             | **0.00**  |
| 03/31/2017 | Transaction Assessment             |               |             | 793.00    |
| 03/31/2017 | xWeb Accessed eFile                | Receipt # 2017-291170 | Biggar, David | (793.00)  |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David Biggar | Oregon Board of Optometry, Oregon Department of Justice, Lori Lindley, Shelly Sneed, Jessica Lynch, Catherine C. Webber, Molly S. Cardenal, Stephen Tronnes, Derek Louie, and Douglas W. Walker |

**(b)** County of Residence of First Listed Plaintiff    Multnomah
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Marion
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rebecca Cambreleng, Cambreleng Law, LLLC,
806 SW Broadway, Ste. 1200, Portland, OR 97205

Attorneys *(If Known)*
Jessica Spooner, Oregon Department of Justice, Trial Division,
1162 Court Street NE, Salem, OR 97301

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 710 Fair Labor Standards | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | Act | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 720 Labor/Management | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | | Relations | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | | ☐ 751 Family and Medical | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | | Leave Act | ☐ 893 Environmental Matters |
| | Medical Malpractice | | | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 791 Employee Retirement | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | Income Security Act | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | **FEDERAL TAX SUITS** | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | or Defendant) | State Statutes |
| | Employment | **Other:** | | ☐ 871 IRS—Third Party | |
| | ☒ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | 26 USC 7609 | |
| | Other | ☐ 550 Civil Rights | | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | **IMMIGRATION** | | |
| | | Conditions of | ☐ 462 Naturalization Application | | |
| | | Confinement | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 12132 & 42 U.S.C. 1983
Brief description of cause:
Disability discrimination, violation of due process, defamation, intentional infliction of emotional distress

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   4,699,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE   05/08/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## CERTIFICATE OF SERVICE

I certify that on May  8 , 2017, I served the foregoing STATE DEFENDANTS'

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(C) upon the parties hereto by

the method indicated below, and addressed to the following:

Rebecca Cambreleng
Cambreleng Law LLC
806 SW Broadway, Ste. 1200
Portland, OR  97205
    Of Attorneys for Plaintiff

___ HAND DELIVERY
 X  MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL
___ E-SERVE

Mitra Shahri
Mitra Law Group
1500 SW 1st Ave., Ste. 800
Portland, OR  97201
    Of Attorneys for Defendant Gander

___ HAND DELIVERY
 X  MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL
___ E-SERVE

Kim Clark
Standard Optical
966 N. Main St.
Tooele, UT 84074
    Defendant *Pro Se*

___ HAND DELIVERY
 X  MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL
___ E-SERVE

    *s/ Jessica Spooner*
JESSICA SPOONER #105919
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Jessica.Spooner@doj.state.or.us
Of Attorneys for  Defendants Oregon Board of
    Optometry, Oregon Department of Justice,
    Lindley, Sneed, Lynch, Webber, Cardenal,
    Tronnes, Louie, and Walker

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791