IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DAVID BIGGAR,**

    Plaintiff,

v.

**OREGON BOARD OF OPTOMETRY,** et al.,

    Defendants.

No. 3:17-cv-00714-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Defendant Dr. Joan Miller's Motion for Attorney Fees [76] and Supplemental Motion for Fees and Costs [89]. For the reasons stated below, I GRANT in part and DENY in part the Motions.

## BACKGROUND

Pro se Plaintiff Dr. David Biggar sued the Oregon Board of Optometry and others after his optometrist license was revoked. Dr. Biggar added Dr. Joan Miller as a defendant in his Third Amended Complaint. She moved to strike under Oregon's anti-SLAPP statute, O.R.S. § 31.150. After oral argument on February 26, 2018 [74], I granted Dr. Miller's Motion to Strike [54]. Dr. Miller now moves for attorney fees and costs.

1 – OPINION AND ORDER

## DISCUSSION

### I. Attorney Fees

#### A. *Entitlement to attorney fees*

Oregon law governs whether attorney fees are available in this case. *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) ("State laws awarding attorneys' fees are generally considered to be substantive laws under the *Erie* doctrine . . . ."). The governing state law in this case is O.R.S. § 31.152, which states that "[a] defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs." O.R.S. § 31.152(3).

Dr. Biggar argues that the Court should deny Dr. Miller's Motions because she was dismissed as a defendant without prejudice and other evidence may shed light on Dr. Miller's involvement in his case. Response [92]. But Dr. Biggar's arguments are unavailing. Oregon's anti-SLAPP law requires dismissal without prejudice. O.R.S. § 31.150(1) ("Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice."). And O.R.S. § 31.152(3) mandates the award of fees and costs in all cases where a defendant prevails on a special motion to strike. O.R.S. § 31.152(3); *see Schwern v. Plunkett*, No. 3:14-CV-146-PK, 2017 WL 3709094, at *2 (D. Or. July 5, 2017), *report and recommendation adopted*, No. 3:14-CV-146-PK, 2017 WL 3707399 (D. Or. Aug. 27, 2017) ("Under Section 31.152(3), therefore, this court is without discretion to determine that the prevailing defendant herein is not entitled to award of attorney fees."). Dr. Miller prevailed on such a motion and is therefore entitled to fees and costs, even though she was dismissed as a defendant without prejudice and further discovery could bring to light additional facts.

#### B. *Amount of fees*

Dr. Miller seeks $18,248.50 in fees and $22.20 in costs for the work performed by Davis Rothwell Earle & Xóchihua P.C., and $9,726 in fees for the work performed by Miller Nash

2 – OPINION AND ORDER

Graham & Dunn, for a total of $27,974.50 in fees and $22.20 in costs. Motion [76]; Supp. Motion [89]; Langfitt Decl. [91] at 4. Dr. Biggar does not make specific objections to any of Dr. Miller's costs and fees.

"In determining a reasonable attorney fee award under ORS 31.152(3), the trial court must consider factors enumerated in ORS 20.075." *Robinson v. DeFazio*, 392 P.3d 781, 784, *opinion adhered to as modified on reconsideration*, 399 P.3d 1095 (Or. Ct. App. 2017), *review denied*, 406 P.3d 608 (Or. 2017). O.R.S. § 20.075 requires courts to undertake a two-part inquiry when assessing the amount of attorney fees to be awarded in a case such as this one where attorney fees are required by statute. First, the Court must consider:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under O.R.S. 20.190.
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

O.R.S. § 20.075(1). Second, the Court must consider:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the results obtained.
(e) The time limitations imposed by the client or the circumstances of the case.
(f) The nature and length of the attorney's professional relationship with the client.
(g) The experience, reputation and ability of the attorney performing the services.
(h) Whether the fee of the attorney is fixed or contingent.

O.R.S. § 20.075(2). I have considered the factors in O.R.S. § 20.075(1) and (2), and address subsections (2)(a), (c), and (g) below. I find that none of the other factors warrant an adjustment in the amount of fees.

### a) Subsection (2)(a): the time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

A defendant who prevails under Oregon's anti-SLAPP statute may recover reasonable fees and costs incurred in the defense of the action. *See Schwern v. Plunkett*, 2017 WL 3709094, at *3 (responding to argument that award "should be limited to compensation for work specifically in support of defendant's special motion to strike" and concluding that "[t]he statute providing for mandatory award of attorney fees to the prevailing defendant in connection with a special motion to strike does not so limit award of fees").

The attorneys and a paralegal who worked on this case submitted a total of 123.7 hours. Eagle Decl. [77] at 11; Langfitt Decl. [91] at 4. In my view, this case did involve more work than the typical case, due to Dr. Biggar's changing pro se status and issues involving his deposition. But much of the law firms' time was spent on the straightforward Motion to Strike, which is 10 pages long, and Dr. Miller's Reply in support of the Motion, which is 4 pages long. [54, 69]. After analyzing the time records, I conclude it was unreasonable to spend 36.9 hours on the

Motion to Strike and the accompanying 4-page Declaration from Dr. Miller. I instead award 20 hours for the work performed on the Motion. Similarly, I conclude it was unreasonable to spend 10.4 hours on the Reply, and instead award 6 hours. Finally, I note that Dr. Miller submitted numerous time entries that are redacted for the purposes of attorney-client privilege. Although the majority of these redacted entries offer enough information for the Court to conclude that fees are appropriate, one entry on January 17, 2018 is entirely redacted. I therefore subtract 0.20 hours from the total hours. *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (allowing recovery for partially redacted time entries such as "'Counsel call to discuss [REDACTED]' and 'Research Supreme Court case law involving [REDACTED].'"). Overall, I subtract 0.8 hours from Miller Nash Graham & Dunn's time entries for work performed on the Motion to Strike and 20.7 hours from Davis Rothwell Earle & Xóchihua P.C.'s time entries for work performed on the Motion to Strike, the Reply, and the entirely redacted entry.

> **b) Subsections (c) and (g): the fee customarily charged in the locality for similar legal services and the experience, reputation and ability of the attorney performing the services.**

"As a benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality, this Court uses the most recent Oregon State Bar (OSB) Economic Survey." *Precision Seed Cleaners*, 976 F. Supp. 2d at 1244. The most recent OSB Economic Survey is from 2017. OSB 2017 Economic Survey, https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

Dr. Miller seeks the following hourly rates for her attorneys of Davis Rothwell Earle & Xóchihua P.C.: $185/hour for the work of shareholders William A. Davis and Shayna A. Eagle, and $150/hour for associate Amy L. Saack. Eagle Decl. [77] at 2. Although Dr. Miller did not

submit evidence as to the experience or skills of these attorneys, these rates are well below $236/hour, the average rate for attorneys with only 0–3 years of experience in Portland. *See* OSB 2017 Economic Survey at 38. And Mr. Davis and Ms. Eagle's bar numbers indicate they have 41 years and 11 years of practicing law in Oregon. Eagle Decl. [77] at 1. I therefore find rates of $185/hour and $150/hour are reasonable.

Dr. Miller seeks the following hourly rates for her attorneys and legal staff of Miller Nash Graham & Dunn: $560/hour for the work of partner Gary Christensen, $520/hour for the work of Frank Langfitt, and $220/hour for the work of paralegal Lisa Peterson. Langfitt Decl. [91], Ex. 1 at 4. Dr. Miller gives no information as to the skills and qualifications of Mr. Christensen, other than to note that he is a partner.[1] I therefore find a rate of $324/hour, the average rate for an attorney in Portland, is reasonable for Mr. Christensen's work. Mr. Langfitt's declaration reveals he has forty-four years of experience practicing law. Langfitt Decl. [91] at 2–3. Mr. Langfitt's hourly rate was $520 in 2017. Langfitt Decl. [91] at 2. As Mr. Langfitt notes, I recently found $450/hour to be a reasonable rate for Mr. Langfitt. *See Chatelain v. Country Mut. Ins. Co.*, No. 3:15-CV-02013-MO, 2017 WL 6663901, at *7 (D. Or. Dec. 29, 2017). I therefore find a $450 hourly rate to be reasonable for Mr. Langfitt's work in this case. Dr. Miller submits no evidence of Ms. Peterson's experience or skills. "This court has previously awarded $50 per hour for paralegals and assistants where there was no evidence of their experience or skills." *Muller v. Country Mut. Ins. Co.*, No. 3:14-CV-01345-MO, 2017 WL 6209701, at *9 (D. Or. Dec. 8, 2017). I therefore find a $50 hourly rate to be reasonable for Ms. Peterson's work in this case.

In sum, after reducing some of the hours submitted and hourly rates, I grant $7,368.60 for

---

[1] It is almost certainly true that a little research by the Court would reveal Mr. Christensen's level of experience. But that seems like an inappropriate response to the lack of information in Dr. Miller's submission.

the work performed by Miller Nash Graham & Dunn, and $14,735.79[2] for the work performed by Davis Rothwell Earle & Xóchihua P.C., for a total of $22,104.39.

## II. Costs

O.R.S. § 31.152(3) allows for "reasonable" costs. Dr. Miller seeks $22.20 in photocopying costs. Motion [76]. Although I conclude these costs are reasonable, applicable federal procedural law requires a prevailing party to submit a bill of costs and supporting affidavit before costs may be taxed. *See* 28 U.S.C. §§ 1920, 1924; *Schwern*, 2017 WL 3709094, at *5. Dr. Miller submitted neither a bill of costs nor a supporting affidavit. I therefore deny the Motions as to costs.

## III. Conclusion

For the reasons stated above, I GRANT in part and DENY in part Dr. Miller's Motion for Attorney Fees [76] and Supplemental Motion for Fees and Costs [89]. I GRANT $22,104.39 in attorney fees and DENY the Motions as to costs.

IT IS SO ORDERED.

DATED this 16 day of May, 2018.

                                          MICHAEL W. MOSMAN
                                          Chief United States District Judge

---

[2] To reach this number, I multiplied the requested fees for the Motion to Strike and the Reply by the ratio of hours granted over hours requested (i.e. 20/36.1 for the Motion to Strike), made any other necessary changes, and then added those amounts to the other requested fees.

7 – OPINION AND ORDER